**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHANEKA HENRY, an individual, on behalf of AJA HENRY, a minor, | |
| **Plaintiff,** | |
| v. | CASE NO. |
| VALLEY VIEW SCHOOL DISTRICT 365U; THE VALLEY VIEW SCHOOL DISTRICT 365U BOARD OF EDUCATION; JAMES MITCHEM, JR., an individual; CARIE JOHNSTONE, an individual; and NICHOLAS DETMAN, an individual, | TRIAL BY JURY DEMANDED |
| **Defendants.** | |

## VERIFIED COMPLAINT FOR VIOLATION OF 42 U.S.C. §1983 AND OTHER RELIEF

The Plaintiff, Shaneka Henry ("SHANEKA"), on behalf of her daughter Aja Henry, a minor ("HENRY"), by and through her attorneys, PFEIFFER LAW OFFICES, P.C., complains of the Defendants, Valley View School District 365U ("VALLEY VIEW"); the Valley View School District 365U Board of Education, comprised of board members Steve Quigley; Crystal Hansen; Debbie Sykora; James T. Boudouris; Elizabeth Campbell; Dan Falese; and Diane Parro (hereinafter referred to collectively as the "BOARD"); James Mitchem, Jr. ("MITCHEM"); Carie Johnstone ("JOHNSTONE"); and Nicholas Detman ("DETMAN") (VALLEY VIEW, the BOARD, MITCHEM, JOHNSTONE, and DETMAN hereinafter referred to collectively as "DEFENDANTS" wherever appropriate), as follows:

## Introduction

1.    The actions set forth in this complaint arise under and are based on Defendants' violations of the Family Educational Rights and Privacy Act, 20 U.S.C. §1232(g).; 42 U.S.C. §1983; Section 504 of the Rehabilitation Act of 1973, otherwise known as 29 U.S.C. §701; and the Illinois School Code, otherwise known as 105 ILCS 5/1 *et seq*.

## Jurisdiction and Venue

2.    Jurisdiction is conferred on this Court by the aforesaid statutes, as well as by 28 U.S.C. §§1331, 1367.

3.    Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(c).

## The Parties

4.    During all times relevant to this complaint, HENRY was and is a permanent resident of the United States of America residing in Bolingbrook, Will County, Illinois.  HENRY is currently sixteen (16) years old.

5.    During all times relevant to this complaint, SHANEKA was and is a permanent resident of the United States of America residing in Bolingbrook, Will County, Illinois.  SHANEKA is HENRY'S mother.

6.    During all times relevant to this complaint, DEFENDANTS were and are involved in providing public education services pursuant to both the laws of the United States of America and the State of Illinois.

7.    During all times relevant to this complaint, VALLEY VIEW was and is a school system with its principal office and operations located in Will County, Illinois.

2

8. During all times relevant to this complaint, MITCHEM was and is the Superintendent for VALLEY VIEW.

9. During all times relevant to this complaint, JOHNSTONE was and is the Assistant Director of Student Services for VALLEY VIEW.

10. During all times relevant to this complaint, Yolanda Jordan ("JORDAN") was the Principal of Bolingbrook High School ("BHS"), located in Will County, Illinois.

11. During all times relevant to this complaint, DETMAN was the Vice Principal at BHS, located in Will County, Illinois.

## Factual Allegations Common to All Counts

12. On or about August 29, 2014, HENRY was attacked by numerous fellow students while attending a VALLEY VIEW football game (the "ATTACK").

13. During and after the ATTACK, the staff of VALLEY VIEW accused HENRY of initiating the conduct that led to the ATTACK.

14. Due to VALLEY VIEW'S staff's actions, HENRY was charged with the crime of disorderly conduct.

15. HENRY was detained, questioned, and arrested before SHANEKA was contacted by VALLEY VIEW'S staff.

16. Upon being notified of the ATTACK by her friend, SHANEKA traveled to BHS to be informed by the Dean of BHS, Eddie Saldana ("SALDANA"), that he "was just about to call" her.

17. Despite SALDANA'S statement that he was in the process of contacting SHANEKA, several hours had passed after HENRY was arrested and yet not a single employee of VALLEY VIEW had contacted SHANEKA.

18.     Despite these accusations by VALLEY VIEW and its staff, a video taken of the ATTACK clearly shows that HENRY was not the aggressor but rather the victim.

19.     On August, 29, 2014, the day of the ATTACK, SHANEKA was informed that HENRY would be suspended from BHS for a period not to exceed ten (10) days.

20.     On or about September 4, 2014, SHANEKA was informed by her friend that she (the friend) learned HENRY had been expelled for her involvement with the ATTACK.

21.     Upon information and belief, SHANEKA was not informed about this expulsion of HENRY until a staff member relayed this confidential information about her daughter to a third party who then, in turn, notified SHANEKA of such disciplinary action.

22.     SHANEKA and HENRY did not receive any correspondence, notifications, telephone calls, messages, or any other form of notice that would have disclosed such expulsion, until September 8, 2014 when the deadline to appeal said expulsion had already passed.

23.     Neither VALLEY VIEW nor its staff ever indicated to HENRY or SHANEKA that HENRY was being considered for expulsion or suspension.

24.     On September 7, 2014, SHANEKA informed DETMAN of the existence of the aforesaid video recorded of the ATTACK.

25.     DETMAN never communicated with SHANEKA after receiving such video of the ATTACK to discuss its contents despite various attempts by SHANEKA to contact DETMAN.

26.     On or about September 10, 2014, DETMAN contacted SHANEKA to inform her that HENRY would not be allowed to attend BHS school functions despite the fact that the other students involved in the ATTACK were allowed to return and to attend the aforementioned events, including homecoming.

27.     VALLEY VIEW and its staff never gave any indication to HENRY or SHANEKA why HENRY alone was being denied entry to BHS school functions.

4

28. On or about September 10, 2014, HENRY was informed about homebound services as an alternative to school, more than twelve (12) days after the start of her suspension.

29. On or about September 15, 2014, a VALLEY VIEW board meeting took place concerning the ATTACK and HENRY (the "BOARD MEETING").

30. At the BOARD MEETING, the video of the ATTACK was presented and viewed by the BOARD.

31. Despite VALLEY VIEW and its employees having previously received a copy of the video, and despite this video clearly showing that HENRY was attacked and defending herself and was not the aggressor, VALLEY VIEW still recommended to the BOARD that HENRY should be expelled.

32. The BOARD ignored the recommendation of BHS to have HENRY expelled, as they did not agree with the recommendation that HENRY was the aggressor upon viewing the video of the ATTACK.

33. Further, the BOARD stated that HENRY was, in fact, the victim of the ATTACK.

34. As a result of the BOARD MEETING, HENRY was allowed to return to BHS and the expulsion and suspension were to be removed from her record.

35. Yet, the expulsion and suspension were never formally removed from HENRY'S records, making a transfer to another school nearly impossible.

36. On September, 26, 2014, HENRY was finally allowed to return to BHS.

37. Upon HENRY'S return to BHS, she was subjected to further harassment and verbal and physical personal attacks by other students.

38. HENRY was never fully incorporated back into the classroom setting by BHS and its staff.

39.    In fact, HENRY'S biology teacher specifically placed her in an area isolated from the other students in the class.

40.    On October 11, 2014, HENRY received various text messages from the very students that had bullied her and were continuing to bully her, some of whom were the same students that were part of the ATTACK.

41.    The text messages included threats, defamatory and harassing statements, and suggestions for HENRY to commit suicide including, "go kill yourself. If you want to kill yourself, you should drink bleach."

42.    The aforesaid text messages and the instances of bullying were both reported and provided to JORDAN and MITCHEM.

43.    On or about October 12, 2014, SHANEKA reported the aforesaid instances of bullying and text messages to the Bolingbrook Police Department, as VALLEY VIEW refused to take appropriate steps to help cease any instances of bullying or threatening conduct.

44.    On or about October 14, 2014, HENRY was pulled from BHS under her doctor's orders due to HENRY'S emotional and physical issues resulting directly from the bullying that was taking place under DEFENDANTS' watch.

45.    HENRY has been diagnosed with post-traumatic stress disorder, commonly referred to as "PTSD," due to the improper and unlawful behavior of her teachers, fellow students, and BHS' and the school district's administration and their many failures to properly assess and take action regarding the above-referenced facts.

46.    On or about October 17, 2014, HENRY attempted to obtain her school records from BHS but was denied entry by security.

47.    Both HENRY and SHANEKA were denied entry to BHS by DEFENDANTS despite their desire simply to obtain HENRY'S educational records.

48.     On or about October 21, 2014, SHANEKA went to BHS to obtain HENRY'S school records for a second time.

49.     Shortly thereafter, SHANEKA informed BHS and JORDAN that HENRY'S school records were incomplete.

50.     SHANEKA was allowed to return to review HENRY'S school records on two different occasions thereafter.

51.     Each time SHANEKA reviewed records, the records excluded and included various documents indicating that HENRY'S records had been tampered with.

52.     On or about October 30, 2014, SHANEKA met with HENRY'S personal counselors, Carlotta Sims ("SIMS"), Ron O'Connor ("O'CONNOR"), and Michelle Bochnak ("BOCHNAK"), to discuss and schedule a future §504 meeting pursuant to the Rehabilitation Act of 1973.

53.     HENRY was denied access to a §504 meeting and DEFENDANTS never attempted to contact or schedule with SHANEKA any §504 meeting after the initial meeting on October 30, 2014.

54.     On or about November 19, 2014, HENRY was required to appear before the Circuit Court of the Twelfth Judicial Circuit (Will County) due to the ATTACK, despite VALLEY VIEW'S determination that she was not the aggressor.

55.     Despite this fact, VALLEY VIEW did not attempt to withdraw the charges or assist HENRY with regard to the court hearing.

56.     The aforesaid circuit court ordered HENRY to perform community service through The HEART Organization (an organization in Will County, Illinois, that assists at-risk youth through the use of counseling and community service) in order to clear her record with BHS due to the false accusation that HENRY was the aggressor during the ATTACK.

57. On November 20, 2014, SHANEKA received a letter from MITCHEM (the "LETTER"). A true and accurate copy of the LETTER is attached hereto and incorporated herein by reference as **Exhibit 1**.

58. The LETTER expressly admits to numerous mistakes made by VALLEY VIEW and its acknowledgment of certain violations pursuant to federal law.

59. These mistakes include, but are not limited to, the following:

    (a) The referral was processed and the parent was not immediately notified;

    (b) The parent was not notified by the school of an expulsion recommendation;

    (c) The parent was informed of an expulsion recommendation through another student as a result of information being shared by staff inappropriately;

    (d) The parent (SHANEKA) was not notified within a timely fashion of homebound tutoring services available for her daughter (HENRY);

    (e) Agreed upon communication after October 1, 2014 was sporadic and not timely;

    (f) Records were requested on October 17, 2014. The request was denied by security at the main entrance.

60. In or around December of 2014, SHANEKA was informed by VALLEY VIEW'S employees that the §504 meeting and the corresponding Individualized Education Program ("IEP") would not be available to HENRY despite the fact that she had been formally and actually diagnosed with Post Traumatic Stress Disorder ("PTSD") due to the ATTACK.

61. In or around January of 2015, VALLEY VIEW finally contacted SHANEKA and HENRY in order to schedule a §504 meeting despite the numerous requests by SHANEKA for a §504 meeting prior to this date.

62. In or around January of 2015, SHANEKA once more requested HENRY'S school records at a §504 meeting with DEFENDANTS.

63. DEFENDANTS indicated that they did not have the records that were being requested, despite the fact that they had previously provided some of the requested documents to SHANEKA.

64.     In or around late January of 2015, SHANEKA was provided a second set of records per her request by DEFENDANTS but, yet again, the records were tampered with and were missing certain items that had previously been part of HENRY'S school records.

65.     Further, the second set of school records provided in late January of 2015 by DEFENDANTS indicated that HENRY and SHANEKA were given due process, despite the fact that the LETTER expressly states otherwise.

66.     In or around February of 2015, DEFENDANTS conducted a second §504 meeting without providing notice of the meeting to SHANEKA.

67.     In or around March of 2015, during the first IEP meeting with DEFENDANTS, SHANEKA requested that HENRY be tested away from the other students due to the continuous bullying of HENRY and HENRY'S fear of being attacked physically again.

68.     DEFENDANTS neglected to test HENRY away from the other students despite SHANEKA'S reasonable request for them to do so.

69.     The harassing text messages to and bullying of HENRY resumed immediately once the other students became aware of HENRY being on BHS' school grounds.

70.     Despite the various incidents reported (including the harassing text messages, comments, threats, and the ATTACK), JOHNSTONE indicated to HENRY and SHANEKA that VALLEY VIEW did not consider the actions of the other students as bullying.

71.     In or around March of 2015, a second IEP meeting took place where DEFENDANTS agreed that HENRY needed to be in an IEP for the emotional issues that she was suffering from, despite earlier stating that HENRY neither needed nor qualified for such a program.

72.     Further, JOHNSTONE stated at the second IEP meeting that the failure of the school to separate HENRY from the student body during the testing was "just a misunderstanding."

73. In or around March of 2015, a third IEP meeting took place with DEFENDANTS where SHANEKA was informed that she had only ten (10) calendar days to respond to VALLEY VIEW'S placement for HENRY into another school.

74. SHANEKA immediately indicated to DEFENDANTS that she would like to personally view any possible school locations for HENRY before sending her to a particular institution.

75. The parties, including JOHNSTONE, agreed to allow SHANEKA the opportunity to view possible locations before sending HENRY to a new school.

76. SHANEKA proceeded to contact VALLEY VIEW and JOHNSTONE on multiple occasions immediately after the third IEP meeting, but she did not receive an answer with respect to scheduling any visit to another school.

77. Eventually, SIMS contacted JOHNSTONE on SHANEKA'S behalf only to be told that the ten days for choosing another school had passed and that SHANEKA did not need to view the other schools available to her.

78. DEFENDANTS have intentionally delayed HENRY'S education and have substantially harmed HENRY through their failure to act pursuant to law, policy, and educational standards.

79. DEFENDANTS failed to address the issues surrounding HENRY and blatantly ignored the needs of one of their students with disregard for her physical, emotional, and mental well-being.

## Count I – Violation of 42 U.S.C. §1983
### (HENRY v. VALLEY VIEW)

80.     HENRY restates and incorporates herein by reference Paragraphs 1 through 79 above as and for Paragraph 80 of Count I of this complaint as if such allegations were fully set forth herein.

81.     42 U.S.C. §1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.......

82.     VALLEY VIEW had a special relationship with HENRY through its course of conduct and the circumstances that surround this complaint.

83.     HENRY has been harmed and still suffers harm through the direct and foreseeable acts of the students, administration, and employees of VALLEY VIEW to the point that she no longer feels safe, and actually is not safe, at BHS.

84.     HENRY has a constitutionally protected property interest in her continued education through VALLEY VIEW.

85.     VALLEY VIEW violated HENRY'S procedural due process rights by one or more of the following actions:

   (a)    Failing and refusing to allow HENRY or SHANEKA to obtain HENRY'S school records;

   (b)    Failing and refusing to give HENRY or SHANEKA notice of HENRY'S suspension or expulsion;

   (c)    Failing and refusing to notify HENRY or SHANEKA directly of VALLEY VIEW'S intent to expel HENRY;

   (d)    Failing to provide HENRY with a timely §504 hearing and IEP;

(e)     Failing to keep HENRY'S records confidential and private without first notifying HENRY or SHANEKA of any disclosure of the same;

(f)     Disclosing personal and confidential information about HENRY to third parties (or, in the very least, failing to notify her of VALLEY VIEW'S intent to disclose such personal and confidential information;

(g)     Failing to communicate with HENRY or SHANEKA in a timely and appropriate manner;

(h)     Failing to notify HENRY or SHANEKA of available homebound tutoring services; and

(i)     Failing to provide HENRY with a safe and healthy educational environment after being given notice of the various aforesaid violations by VALLEY VIEW.

86.     VALLEY VIEW willfully disregarded HENRY'S safety and well-being by failing to prevent or even attempt to prevent HENRY from being bullied after being notified of such wrongful conduct of other students and after receiving notice and copies of the text messages that HENRY was receiving, the latter of which provided proof of such bullying.

87.     But for VALLEY VIEW'S failure to act accordingly and its use of authority to create the opportunity for her existing injuries, HENRY would not have been harmed and either no injuries to her would have occurred or, at the very least, her injuries would have been mitigated.

**WHEREFORE**, HENRY respectfully requests that this Honorable Court:

A.     Enter a finding that VALLEY VIEW violated HENRY'S procedural due process rights;

B.     Enter a finding that VALLEY VIEW willfully disregarded HENRY'S safety and well-being;

C.     Enter judgment on this Count I in favor of HENRY and against VALLEY VIEW in an amount to be determined at trial;

D.     Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.   Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count II – Violation of 42 U.S.C. §1983
### (HENRY v. VALLEY VIEW)

88.   HENRY restates and incorporates herein by reference Paragraphs 80 through 84 of Count I above as and for Paragraph 88 of Count II of this complaint as if such allegations were fully set forth herein.

89.   VALLEY VIEW violated HENRY'S substantive due process rights by one or more of the following actions:

(a)   Failing and refusing to allow HENRY or SHANEKA to obtain HENRY'S school records;

(b)   Failing and refusing to give HENRY or SHANEKA notice of HENRY'S suspension or expulsion;

(c)   Failing and refusing to notify HENRY or SHANEKA directly of VALLEY VIEW'S intent to expel HENRY;

(d)   Failing to provide HENRY with a timely §504 hearing and IEP;

(e)   Failing to keep HENRY'S records confidential and private without first notifying HENRY or SHANEKA of any disclosure of the same;

(f)   Disclosing personal and confidential information about HENRY to third parties (or, in the very least, failing to notify her of VALLEY VIEW'S intent to disclose such personal and confidential information;

(g)   Failing to communicate with HENRY or SHANEKA in a timely and appropriate manner;

(h)   Failing to notify HENRY or SHANEKA of available homebound tutoring services; and

(i)   Failing to provide HENRY with a safe and healthy educational environment after being given notice of the various aforesaid violations by VALLEY VIEW.

90. VALLEY VIEW willfully disregarded HENRY'S education by failing to provide her with substantive due process and to timely and adequately address her educational needs through a §504 meeting and an IEP as provided by the Rehabilitation Act of 1973.

91. VALLEY VIEW willfully disregarded HENRY'S substantive due process rights by releasing her confidential records to a third party in violation of her constitutional right to privacy.

92. Further, VALLEY VIEW violated HENRY'S substantive due process by failing and refusing to provide her access to an education.

93. But for VALLEY VIEW'S failure and its use of authority to create the opportunity for her existing injuries, HENRY would not have been harmed and either no injuries to her would have occurred or, at the very least, her injuries would have been mitigated.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A. Enter a finding that VALLEY VIEW violated HENRY'S substantive due process rights;

B. Enter a finding that VALLEY VIEW willfully disregarded HENRY'S safety and education;

C. Enter judgment on this Count II in favor of HENRY and against VALLEY VIEW in an amount to be determined at trial;

D. Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E. Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count III – Violation of 42 U.S.C. §1983
### (HENRY v. VALLEY VIEW)

94.     HENRY restates and incorporates herein by reference Paragraphs 1 through 93 above as and for Paragraph 94 of Count III of this complaint as if such allegations were fully set forth herein.

95.     HENRY has a constitutionally protected right to privacy and to confidentiality of her personal school records pursuant to 20 U.S.C. §1232(g).

96.     VALLEY VIEW willfully disregarded HENRY'S right to confidentiality of her school records by disclosing personal and confidential information about her to third parties, thus violating her substantive due process rights.

97.     But for VALLEY VIEW'S failure and its use of authority to create the opportunity for her existing injuries, HENRY would not have been harmed and no injuries to her would have occurred.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.     Enter a finding that VALLEY VIEW violated HENRY'S procedural due process rights;

B.     Enter a finding that VALLEY VIEW willfully disregarded HENRY'S safety and right to privacy;

C.     Enter judgment on this Count III in favor of HENRY and against VALLEY VIEW in an amount to be determined at trial;

D.     Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.     Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count IV – Violation of 42 U.S.C. §1983
### (HENRY v. VALLEY VIEW)

98.     HENRY restates and incorporates herein by reference Paragraphs 1 through 97 above as and for Paragraph 98 of Count IV of this complaint as if such allegations were fully set forth herein.

99.     VALLEY VIEW violated HENRY'S substantive due process rights by refusing her access to the guidelines and rights as codified in 29 U.S.C. §701, which grants students with disabilities certain rights under the act.

100.     VALLEY VIEW willfully disregarded HENRY'S right to a §504 meeting and unnecessarily denied HENRY access to an education that would adequately address her disabilities due to her being diagnosed with PTSD, which diagnosis is linked directly to VALLEY VIEW'S course of conduct surrounding this complaint.

101.     HENRY was diagnosed with her disability, PTSD, due to the willful and wanton actions of VALLEY VIEW that occurred before, during, and after the ATTACK on school grounds at BHS.

102.     But for VALLEY VIEW'S failure and its use of authority to create the opportunity for her existing injuries, HENRY would not have been harmed and her education would not have been severely delayed or eliminated as it currently is now.

103.     At the very least, VALLEY VIEW could have mitigated HENRY'S injuries by allowing her access to the rights under 29 U.S.C. §701 at the time that SHANEKA requested HENRY'S evaluation or shortly thereafter.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.     Enter a finding that VALLEY VIEW violated HENRY'S substantive due process rights;

B.    Enter a finding that VALLEY VIEW willfully disregarded HENRY'S safety, well-being, and education;

C.    Enter judgment on this Count IV in favor of HENRY and against VALLEY VIEW, in an amount to be determined at trial;

D.    Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.    Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count V – Violation of 42 U.S.C. §1983
### (HENRY v. VALLEY VIEW)

104.    HENRY restates and incorporates herein by reference Paragraphs 1 through 103 above as and for Paragraph 104 of Count V of this complaint as if such allegations were fully set forth herein.

105.    VALLEY VIEW violated HENRY'S procedural due process rights by the many instances already stated in this complaint.

106.    VALLEY VIEW denied HENRY access to a §504 meeting, which is a right available to any student with a disability under 29 U.S.C. §701.

107.    HENRY was diagnosed with PTSD, which qualifies as a "disability" as defined in the act.

108.    VALLEY VIEW denied HENRY access to an education that would best suit or accommodate her disability.

109.    VALLEY VIEW willfully denied HENRY access to a §504 meeting despite the fact that such a meeting could have been provided with relative ease by VALLEY VIEW.

110. But for VALLEY VIEW'S failure and its use of authority to create the opportunity for her existing injuries, HENRY would not have been harmed and no injuries to her would have occurred.

111. HENRY'S education would not have been or continue to be severely delayed or eliminated if not for VALLEY VIEW'S failure to provide a simple §504 meeting to assess HENRY'S disability and her need for a specialized IEP that suited her education needs.

WHEREFORE, HENRY respectfully requests that this Honorable Court:

A. Enter a finding that VALLEY VIEW violated HENRY'S procedural due process rights;

B. Enter a finding that VALLEY VIEW willfully disregarded HENRY'S safety, well-being, and education;

C. Enter judgment on this Count V in favor of HENRY and against VALLEY VIEW, in an amount to be determined at trial;

D. Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E. Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.


## Count VI – Violation of 20 U.S.C. §1232(g)
## HENRY v. VALLEY VIEW

112. HENRY restates and reincorporates herein by reference Paragraphs 1 through 111 above as and for Paragraph 112 of Count VI of this complaint as if such allegations were fully set forth herein.

113. 20 U.S.C. §1232(g) provides, in pertinent part:

(1)(A) No funds shall be made available under any applicable program to any educational agency or institution which has a policy of denying, or which effectively prevents, the parents of students who are or have been in attendance at a school of such agency or at such institution ....

18

(a)(1)(B) No funds under any applicable program shall be made available to any State education agency…, that has a policy of denying, or effectively prevents the parents of students the right to inspect and review the education records ....

(a)(2) No funds shall be made available under any applicable program …, unless the parents of students who are or have been in attendance at a school of such agency or at such institution are provided an opportunity for a hearing …, to challenge the content of such student's education records in order to insure that the records are not inaccurate, misleading, or otherwise in violation of the privacy rights of students….

(b)(1) No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records … without the written consent of their parents to any individual, agency, or organization, ….

114.    VALLEY VIEW released HENRY'S records and confidential information to one or more third parties in violation of this act.

115.    VALLEY VIEW refused to allow HENRY or SHANEKA access to her school records upon her request for said records.

116.    VALLEY VIEW, after multiple requests by HENRY and SHANEKA for her school records, finally allowed HENRY to access such records.

117.    Once HENRY and SHANEKA were allowed access to HENRY'S records, it was evident that the records had been tampered with and that VALLEY VIEW had not provided complete school records to them.

118.    VALLEY VIEW failed to adhere to 20 U.S.C. §1232(g) by releasing information to third parties, by neglecting to release the full records to HENRY, and by tampering with HENRY'S records in an attempt to cover up improper conduct on the part of VALLEY VIEW.

119.    VALLEY VIEW'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.    Enter a finding that VALLEY VIEW violated federal law by not complying
      with the aforesaid statutes;

B.    Enter judgment on this Count VI in favor of HENRY and against VALLEY
      VIEW in an amount to be determined at trial;

C.    Enter judgment on this Count VI in favor of HENRY and against VALLEY
      VIEW, stripping VALLEY VIEW of federal funding in an amount to be
      determined at trial;

D.    Award HENRY her costs of suit, other litigation costs, attorneys' fees
      incurred in this matter to the extent permitted by law; and

E.    Provide HENRY with such other and further relief as this Honorable Court
      deems appropriate and just.


### Count VII – Violation of 29 U.S.C. §701
### (HENRY v. VALLEY VIEW)

120.    HENRY restates and incorporates herein by reference Paragraphs 1 through 119

above as and for Paragraph 119 of Count VII of this complaint as if such allegations were fully set

forth herein.

121.    29 U.S.C. §701 *et seq.*, is the codified version of §504 of the Rehabilitation Act of

1973.

122.    The main purpose of this statute is to eliminate discrimination against students on

the basis of a disability.

123.    Further, §504 provides in pertinent part:

> No otherwise qualified individual with a disability in the United States
> ... shall, solely by reason of her or his disability, be excluded from the
> participation in, be denied the benefits of, or be subjected to
> discrimination under any program or activity receiving Federal financial
> assistance.

124. VALLEY VIEW had a duty to provide a free, appropriate public education to each qualified student with a disability who is within its jurisdiction, regardless of the nature or severity of the disability.

125. HENRY was diagnosed with PTSD due to the ATTACK and events that occurred thereafter and stemming from VALLEY VIEW'S conduct and failure to act as alleged above.

126. At all times relevant to this complaint following the ATTACK, HENRY has suffered ad continues to suffer from PTSD to the point that it substantially limits many of her major life activities including, but not limited to, communication and interaction with other students and faculty.

127. HENRY was and is disabled within the purview of the act and, as such, VALLEY VIEW was required to provide her with the support and assistance that she needed in order to continue her education in both a safe and healthy environment.

128. Despite HENRY'S diagnosis and her daily struggles with PTSD, VALLEY VIEW denied her access to a §504 program and thus negatively impacted her opportunity to a free and effective education, all of which has severely hampered her future and rom which she might never fully recover.

129. Prior to the ATTACK and the surrounding circumstances alleged within this complaint, HENRY received exemplary grades and reports from her prior schools.

130. VALLEY VIEW discriminated against HENRY by failing to acknowledge her disability and by its denial of her access to appropriate assistance or programs.

131. VALLEY VIEW'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A. Enter a finding that VALLEY VIEW violated HENRY'S rights by denying her access to her education due to her disability;

B. Enter a finding that VALLEY VIEW willfully disregarded HENRY'S educational needs and prevented her access to a proper education;

C. Enter judgment on this Count VII in favor of HENRY and against VALLEY VIEW in an amount to be determined at trial;

D. Enter judgment on this Count VII in favor of HENRY and against VALLEY VIEW, stripping VALLEY VIEW of federal funding in an amount to be determined at trial;

E. Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

F. Provided HENRY with such other and further relief as this Honorable Court deems appropriate and just.

**Count VIII – Violation of Illinois School Code, 105 ILCS 5/1 *et seq.*
(HENRY v. VALLEY VIEW)**

132. HENRY restates and incorporates herein by reference Paragraphs 1 through 131 above as and for Paragraph 132 of Count VIII of this complaint as if such allegations were fully set forth herein.

133. VALLEY VIEW was and is required to adhere to certain guidelines regarding the education of its students.

134. VALLEY VIEW failed to prevent bullying and harassment within its district by its failure to adhere to the Illinois School Code with regard to the ATTACK against HENRY, failure to act regarding the ongoing bullying of HENRY by fellow students while at school, and failure to act regarding the subsequent threatening and harassing text messages that she was receiving from fellow students despite having been notified of the same.

135. VALLEY VIEW disciplined HENRY in violation of the Illinois School Code by failing to conduct a disciplinary conference and failing to notify SHANEKA of any impending disciplinary conference.

136. VALLEY VIEW failed to provide HENRY with either an oral or written notice of the charges against her and denied her the opportunity to provide an explanation after reviewing the evidence against her, pursuant to the Illinois School Code.

137. VALLEY VIEW failed to immediately report to SHANEKA regarding any disciplinary action pending against HENRY with a written notice that states the reasons for such disciplinary action, including the identification of any law, rule, or policy that was violated and a notice to SHANEKA of her right to review the disciplinary action.

138. VALLEY VIEW failed to notify HENRY of and provide HENRY with a remote education program in furtherance of her education after suspending her.

139. VALLEY VIEW failed to maintain and secure all internal information regarding HENRY and her student records.

140. VALLEY VIEW failed to keep HENRY'S student records confidential and private.

141. VALLEY VIEW failed to provide home and hospital instruction for HENRY who, due to her diagnosis of PTSD, was expected to be absent from school for two or more consecutive weeks.

142. VALLEY VIEW'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A. Enter a finding that VALLEY VIEW violated the Illinois School Code;

B. Enter a finding that VALLEY VIEW willfully disregarded its duties pursuant to the Illinois School Code to HENRY'S detriment;

23

C.    Enter judgment on this Count VIII in favor of HENRY and against VALLEY VIEW in an amount to be determined at trial;

D.    Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.    Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count IX – Violation of VALLEY VIEW'S BOARD Policies
## (HENRY v. VALLEY VIEW)

143.    HENRY restates and incorporates herein by reference Paragraphs 1 through 142 above and as for Paragraph 143 of Count IX of this complaint as if such allegations were fully set forth herein.

144.    VALLEY VIEW created and incorporated specific policies that were adopted by the BOARD.

145.    VALLEY VIEW'S policies provide various guidelines that it was to adhere to and execute.

146.    VALLEY VIEW failed to prevent bullying and harassment within its district by its failure to adhere to the Illinois School Code with regard to the ATTACK against HENRY, failure to act regarding the ongoing bullying of HENRY by fellow students while at school, and failure to act regarding the subsequent threatening and harassing text messages that she was receiving from fellow students despite having been notified of the same.

147.    VALLEY VIEW disciplined HENRY in violation of the BOARD policies by failing to conduct a disciplinary conference and failing to notify SHANEKA of any such conference.

148.    VALLEY VIEW failed to provide HENRY and SHANEKA with either an oral or written notice of the charges against her and denied her the opportunity to provide an explanation after reviewing the evidence against her which is clearly indicated within the BOARD policies.

149.     VALLEY VIEW failed to provide HENRY or SHANEKA with written notice of HENRY'S proposed expulsion; failed to identify the reasons for such expulsion, including the identification of any law, rule, or policy that was violated; and a notice to HENRY or SHANEKA of HENRY'S right to review the expulsion.

150.     VALLEY VIEW failed to immediately report to SHANEKA regarding any disciplinary action pending against HENRY with a written notice that identified the reasons for such disciplinary action, including the identification of any law, rule, or policy that was violated, and a notice to SHANEKA of her right to review the disciplinary action.

151.     VALLEY VIEW failed to notify HENRY of and provide HENRY with a remote education program in furtherance of her education after suspending her.

152.     VALLEY VIEW failed to maintain and secure all internal information regarding HENRY and her student records.

153.     VALLEY VIEW failed to keep HENRY'S student records confidential and private.

154.     VALLEY VIEW failed to provide home and hospital instruction for HENRY who, due to her diagnosis of PTSD, was expected to be absent from school for two or more consecutive weeks.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.     Enter a finding that VALLEY VIEW violated its own policies;

B.     Enter a finding that VALLEY VIEW willfully disregarded its duties pursuant to its own policies to HENRY'S detriment;

C.     Enter judgment on this Count IX in favor of HENRY and against VALLEY VIEW in an amount to be determined at trial;

D.     Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.     Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

25

### Count X – Violation of 42 U.S.C. §1983
### (HENRY v. MITCHEM)

155.     HENRY restates and incorporates herein by reference Paragraphs 1 through 154 above as and for Paragraph 155 of Count X of this complaint as if such allegations were fully set forth herein.

156.     MITCHEM had a special relationship with HENRY through his official capacity as Superintendent and the circumstances that surround this complaint.

157.     HENRY was harmed through the direct and foreseeable acts that took place while MITCHEM was the Superintendent of VALLEY VIEW.

158.     HENRY has a constitutionally protected property interest in her continued education which MITCHEM has failed to help foster through his willful and wanton conduct.

159.     MITCHEM violated HENRY'S procedural due process rights by the various instances included within this complaint and identified within the LETTER.

160.     MITCHEM'S behavior was both willful and wanton in his disregard for HENRY'S education and his failure to administer any meaningful change in the months that followed the ATTACK that would have helped to continue HENRY'S education and alleviate the harm she has suffered and continues to suffer.

161.     MITCHEM failed to provide HENRY with any procedural remedy such as a meeting with staff, a formal hearing, or a direct order that would have negated or mitigated the damage that HENRY has suffered and continues to suffer.

162.     But for MITCHEM'S failure to act accordingly and his improper use of authority to create the opportunity for her existing injuries, HENRY would not have been harmed and either no injuries to her would have occurred or, at the very least, her injuries would have been mitigated.

163. MITCHEM'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A. Enter a finding that MITCHEM violated HENRY'S procedural due process rights;

B. Enter a finding that MITCHEM willfully disregarded HENRY'S safety, well-being, and education needs;

C. Enter judgment on this Count X in favor of HENRY and against MITCHEM in an amount to be determined at trial;

D. Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E. Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count XI – Violation of 42 U.S.C. §1983
### (HENRY v. MITCHEM)

164. HENRY restates and incorporates herein by reference Paragraphs 1 through 163 above and as for Paragraph 164 of Count XI of this complaint as if such allegations were fully set forth herein.

165. MITCHEM willfully disregarded HENRY'S safety by failing to prevent HENRY from being bullied, harassed, and threatened after being notified of such behavior and after HENRY provided evidence of text messages establishing that she was being bullied, harassed, and threatened.

166. MITCHEM denied HENRY access to her education, through his unwillingness to provide a healthy and safe educational environment.

167. But for MITCHEM'S willful and wanton failure to act and his improper use of authority to create the opportunity for the existing injury, HENRY would not have been harmed and no injury would have occurred or, in the very least, the injury would have been mitigated.

168. MITCHEM'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.      Enter a finding that MITCHEM violated HENRY'S substantive due process rights;

B.      Enter a finding that MITCHEM willfully disregarded HENRY'S safety;

C.      Enter a judgment on this Count XI in favor of HENRY and against MITCHEM in an amount to be determined at trial;

D.      Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.      Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count XII – Violation of 42 U.S.C. §1983
## (HENRY v. MITCHEM)

169. HENRY restates and incorporates herein by reference Paragraphs 1 through 168 above and as for Paragraph 169 of Count XII of this complaint as if such allegations were fully set forth herein.

170. MITCHEM violated HENRY'S substantive due process rights by violating 20 U.S.C. 1232(g) despite already having been notified of a previous violation by VALLEY VIEW.

171. HENRY had and has a constitutionally protected right to privacy, and MITCHEM helped to violate this right to privacy through the disclosure of her private records to third parties without HENRY'S or SHANEKA'S consent.

172.     But for MITCHEM'S failure and his use of authority to create the opportunity for her existing injuries, HENRY would not have been harmed and no injury to her would have occurred.

173.     MITCHEM'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.     Enter a finding that MITCHEM violated HENRY'S substantive due process rights:

B.     Enter a finding that MITCHEM willfully disregarded HENRY'S safety and right to privacy by disclosing confidential information from her student records;

C.     Enter judgment on this Count XII in favor of HENRY and against MITCHEM, in an amount to be determined at trial;

D.     Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.     Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

### Count XIII – Violation of 42 U.S.C. §1983
### (HENRY v. MITCHEM)

174.     HENRY restates and incorporates herein by reference Paragraphs 1 through 173 above as and for Paragraph 174 of Count XIII of this complaint as if such allegations were fully set forth herein.

175.     MITCHEM violated HENRY'S substantive due process rights by refusing her access to the guidelines and rights as codified in 29 U.S.C. §701.

176.     MITCHEM admitted in the LETTER that VALLEY VIEW was not timely in communicating with HENRY and SHANEKA and that it failed to take remedial steps after admitting to VALLEY VIEW'S failure to allow HENRY access to a §504 meeting and an IEP.

29

177.    MITCHEM willfully disregarded HENRY'S right to a §504 meeting and unnecessarily denied HENRY access to an education that would adequately assess her disability after being diagnosed with PTSD.

178.    But for MITCHEM'S failure and his use of authority to continue denying HENRY access to relief under the act, access to her education would not have been denied by MITCHEM and, in turn, she would not have been harmed in the manner alleged herein.

179.    MITCHEM'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.    Enter a finding that MITCHEM violated HENRY'S substantive due process rights by denying her access to her rights pursuant to 29 U.S.C. §701;

B.    Enter a finding that MITCHEM willfully disregarded HENRY'S safety, well-being, and education;

C.    Enter judgment on this Count XIII in favor of HENRY and against MITCHEM, in an amount to be determined at trial;

D.    Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.    Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count XIV – Violation of 20 U.S.C. §1232(g)
### (HENRY v. MITCHEM)

180.    HENRY restates and incorporates herein by reference Paragraph 1 through 179 above as and for Paragraph 180 of Count XIV of this complaint as if such allegations were fully set forth herein.

181.    MITCHEM allowed the release of HENRY'S records and confidential information to third parties in violation of this act.

182.    MITCHEM denied HENRY access to her records upon her numerous requests for said records.

183.    Once HENRY was allowed access to her records months after initially requesting to do so, it was evident that the records had been tampered with and that the complete record had not been provided to HENRY and SHANEKA for their review.

184.    As such, MITCHEM failed to adhere to 20 U.S.C. §1232(g) by not taking precautionary measures after discovery that the records had been released to third parties and by willfully allowing further violations to take place, including the failure to release the full record to HENRY or SHANEKA.

185.    MITCHEM'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.    Enter a finding that MITCHEM violated 20 U.S.C. §1232(g) by his willful and wanton disregard of HENRY'S rights under the act;

B.    Enter a judgment on this Count XIV in favor of HENRY and against MITCHEM, in an amount to be determined by trial;

C.    Award HENRY her costs of suit, other litigation costs, attorneys' fees incurred in this matter to the extent permitted by law; and

D.    Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.


**Count XV – Violation of 29 U.S.C. §701
(HENRY v. MITCHEM)**

186.    HENRY restates and incorporates herein by reference Paragraphs 1 through 185 above as and for Paragraph 186 of Count XV of this complaint as if such allegations were fully set forth herein.

187.     MITCHEM had a duty to ensure that a free appropriate education was being offered to each qualified student with a disability who is within the school district's jurisdiction, regardless of nature or severity of the disability.

188.     HENRY was diagnosed with PTSD due to the ATTACK and events that occurred thereafter and stemming from the conduct and failure of MITCHEM as Superintendent of VALLEY VIEW.

189.     HENRY was disabled pursuant to the act and, as such, MITCHEM was required to provide her with the support and assistance that she needed in order to continue her education in both a safe and healthy environment.

190.     Despite HENRY'S diagnosis and her struggles with PTSD, MITCHEM continued to deny her access to a §504 meeting and appropriate IEP which negatively impacted HENRY'S access to a free and effective education which has delayed her future education and prospective employment opportunities.

191.     MITCHEM discriminated against HENRY by failing to acknowledge her disability and by his denial of her access to appropriate assistance or programs.

192.     MITCHEM'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.     Enter a finding that MITCHEM violated HENRY'S rights by denying her access to her education due to her disability;

B.     Enter a finding that MITCHEM willfully disregarded HENRY'S educational needs and prevented HENRY'S access to a proper education;

C.     Enter judgment on this Count XV in favor of HENRY and against MITCHEM, in an amount to be determined at trial;

D.     Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.    Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

**Count XVI – Violation of Illinois School Code 105 ILCS 5/1 *et seq.*
(HENRY v. the BOARD)**

193.    HENRY restates and incorporates herein by reference Paragraphs 1 through 192 above as and for Paragraphs 93 of Count XVI of this complaint as if such allegations were fully set forth herein.

194.    The BOARD is required to adhere to certain guidelines regarding the education of the students of VALLEY VIEW under its direction and authority.

195.    The BOARD failed to prevent bullying and harassment within its district by its failure to adhere to the Illinois School Code with regard to the ATTACK against HENRY, failure to act regarding the ongoing bullying of HENRY by fellow students while at school, and failure to act regarding the subsequent threatening and harassing text messages that she was receiving from fellow students despite having been notified of the same.

196.    The BOARD did not correct the disciplinary action that was taken by VALLEY VIEW, despite its receipt of notice of such action.

197.    The BOARD failed to provide HENRY with a disciplinary conference and to notify SHANEKA.

198.    The BOARD failed to provide HENRY with an oral or written notice of the charges against her and failed to correct the actions of VALLEY VIEW that took place under its guidance.

199.    The BOARD failed to immediately correct the reporting procedures of VALLEY VIEW regarding any suspension pending against HENRY.

200. The BOARD failed to notify and provide HENRY with a remote educational program in furtherance of her education.

201. The BOARD failed to take corrective measures to keep HENRY'S student records confidential and private.

202. The BOARD failed to provide home and hospital instruction for HENRY who, due to her diagnosis of PTSD, was expected to be absent from school for two or more consecutive weeks.

203. The BOARD'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A. Enter a finding that the BOARD violated the Illinois School Code;

B. Enter a finding that the BOARD willfully disregarded its duties pursuant to the Illinois School Code to the detriment of its students;

C. Enter judgment on this Count XVI in favor of HENRY and against the BOARD in an amount to be determined at trial;

D. Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E. Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

### Count XVII – Violation of VALLEY VIEW'S BOARD Policies
### (HENRY v. BOARD)

204. HENRY restates and incorporates herein by reference Paragraphs 1 through 203 above as and for Paragraph 204 of Count XVII of this complaint as if such allegations were fully set forth herein.

205. The BOARD created and incorporated specific policies that were adopted by its members.

206. The BOARD'S policies provide various guidelines that VALLEY VIEW was required to adhere to and follow.

207. The BOARD failed to prevent bullying and harassment within its own district by its failure to act and failure to adhere to its own policies with regards to the ATTACK against HENRY, the ongoing bullying of HENRY by fellow students while at school, and the subsequent text messages that she received from fellow students.

208. The BOARD received notice of the allegations contained within this complaint, yet took no corrective action to help correct the severe deficiencies that were taking place within VALLEY VIEW.

209. VALLEY VIEW disciplined HENRY in violation of the BOARD'S policies by failing to conduct a disciplinary conference and to notify SHANEKA regarding the conference.

210. VALLEY VIEW failed to provide HENRY with an oral or written notice of the charges against her and denied her the opportunity to provide her version of events after reviewing the evidence against her, which is clearly provided for within the BOARD'S policies.

211. VALLEY VIEW failed to provide HENRY with an oral or written notice of her expulsion and failed to state the reason for expulsion, the rules violated, and a notice of the student's right to review the expulsion.

212. VALLEY VIEW failed to notify SHANEKA regarding any suspension pending against HENRY with a written notice of suspension that stated the reasons for suspension including any school rule that was violated and a notice to SHANEKA of her right to review the suspension.

213. VALLEY VIEW failed to notify and provide HENRY with a remote educational program in furtherance of her education.

214. VALLEY VIEW failed to maintain and secure all internal information regarding HENRY and her student records.

215. VALLEY VIEW failed to keep HENRY'S student records confidential and private.

216. VALLEY VIEW failed to provide home and hospital instruction for HENRY who, due to her diagnosis of PTSD, was expected to be absent from school for two or more consecutive weeks.

217. The BOARD was fully aware of each and every one of these aforesaid transgressions, yet it took no action to correct any of the violations to its own policies which negatively impacted HENRY, her future education, and her prospective employment opportunities.

218. The BOARD'S willful and wanton conduct allowed the continued violation of the board policies of VALLEY VIEW without any concern for HENRY and her education.

219. The BOARD'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.   Enter a finding that the BOARD violated its own policies;

B.   Enter a finding that the BOARD willfully disregarded its duties pursuant to its own policies to the detriment of HENRY;

C.   Enter judgment on this Count XVII in favor of HENRY and against the BOARD in an amount to be determined at trial;

D.   Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.   Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count XVIII – Violation of 42 U.S.C. §1983
## (HENRY v. JOHNSTONE)

220.    HENRY restates and incorporates herein by reference Paragraph 1 through 219 above as and for Paragraph 220 of Count XVIII of this complaint as if such allegations were fully set forth herein.

221.    JOHNSTONE had a special relationship with HENRY through her official capacity and the circumstances that surround this complaint.

222.    HENRY was harmed through the direct and foreseeable acts of JOHNSTONE to the point that HENRY no longer feels safe at school.

223.    HENRY has a constitutionally protected property interest in her continued education which JOHNSTONE has not only failed to help foster, but blatantly hindered through her actions or more accurately, inaction.

224.    JOHNSTONE violated HENRY'S substantive due process rights by the various instances included within this complaint and within the LETTER.

225.    JOHNSTONE willfully disregarded HENRY'S safety by failing to prevent HENRY from being bullied after being notified of the behavior and after receiving the text messages from HENRY proving the allegations of bullying.

226.    JOHNSTONE willfully disregarded HENRY'S safety by not only failing to act with regards to the bullying that HENRY was enduring, but by expressly stating that she did not personally believe that HENRY was being bullied.

227.    JOHNSTONE misrepresented to SHANEKA that she would have the opportunity to visit other schools before placing HENRY at said school, but JOHNSTONE decided upon her own discretion that SHANEKA had not placed HENRY within ten days, despite the parties' agreement to extend the time for placement of HENRY into another school.

228.    JOHNSTONE denied HENRY access to her education at other schools by arbitrary denying SHANEKA more than ten days to visit and review other schools, despite having an agreement for her to do so.

229.    JOHNSTONE denied HENRY access to a §504 meeting since she deemed that HENRY was not suffering from a disability as defined by the act.

230.    JOHNSTONE denied HENRY access to her education by failing to act on the alleged acts of bullying as she determined, upon her own discretion, that the acts alleged in this complaint did not constitute bullying.

231.    This is despite VALLEY VIEW'S own stance on bullying and harassment contained within §7:190 and §7:180 of VALLEY VIEW'S board policies.

232.    But for JOHNSTONE'S failure to act and her improper use of authority to create the opportunity for the existing injury, HENRY would not have been harmed and no injury would have occurred, or in the very least, the injury would have been mitigated.

233.    JOHNSTONE'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.      Enter a finding that JOHNSTONE violated HENRY'S procedural due process rights;

B.      Enter a finding that JOHNSTONE willfully disregarded HENRY'S safety, well-being, and educational needs;

C.      Enter judgment on this Count XVIII in favor of HENRY and against JOHNSTONE, in an amount to be determined at trial;

D.      Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.      Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count XIX – Violation of 42 U.S.C. §1983
### (HENRY v. JOHNSTONE)

234. HENRY restates and incorporates herein by reference Paragraphs 1 through 233 above as and for Paragraph 234 of Count XIX of this complaint as if such allegations were fully set forth herein.

235. JOHNSTONE violated HENRY'S procedural due process rights by the many instances already stated in this complaint.

236. JOHNSTONE willfully disregarded HENRY'S education by failing to provide her with procedural due process and to timely and adequately address her educational needs through a §504 meeting and an IEP plan as provided by the Rehabilitation Act of 1973.

237. JOHNSTONE failed to evaluate HENRY in an area away from the other students, despite a direct request to do so by SHANEKA.

238. JOHNSTONE'S failure to comply with this request led to further bullying and attacks by students at VALLEY VIEW.

239. Further, JOHNSTONE violated HENRY'S procedural due process rights by failing to schedule and further delaying HENRY a §504 meeting to provide her access to any of the benefits of an IEP plan that HENRY had every right to access due to her disability and the conditions that surround this complaint.

240. JOHNSTONE willfully violated HENRY'S procedural due process by dismissing HENRY'S allegations of bullying without providing a meeting to HENRY and SHANEKA despite JOHNSTONE having been notified and having received evidence directly linked to the instances of bullying that were taking place as alleged in this complaint.

241. JOHNSTONE willfully and wantonly denied HENRY any recourse purely since JOHNSTONE deemed her to be an annoyance.

242.     But for JOHNSTONE'S failure and her use of authority to create the opportunity for the existing injury, HENRY would not have been harmed and no injury would have occurred, or in the very least, the injury would have been mitigated.

243.     JOHNSTONE'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.     Enter a finding that JOHNSTONE violated HENRY'S procedural due process rights;

B.     Enter a finding that JOHNSTONE willfully disregarded HENRY'S safety and education;

C.     Enter a judgment on this Count XIX in favor of HENRY and against JOHNSTONE in an amount to be determined at trial;

D.     Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.     Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count XX – Violation of 42 U.S.C. §1983
### (HENRY v. JOHNSTONE)

244.     HENRY restates and incorporates herein by reference Paragraphs 1 through 243 above as and for Paragraph 244 of Count XX of this complaint as if such allegations were fully set forth herein.

245.     JOHNSTONE violated HENRY'S substantive due process rights by refusing her access to the guidelines and rights as codified in 29 U.S.C. §701.

246.     JOHNSTONE willfully disregarded HENRY'S right to a §504 meeting and unnecessarily denied HENRY access to an education that would adequately cope with her disability due to her diagnosis of PTSD.

247. JOHNSTONE purposely delayed setting up a §504 meeting with HENRY to assess her needs.

248. Even after JOHNSTONE conducted a §504 meeting with HENRY and despite being informed of HENRY'S diagnosis, JOHNSTONE suggested that HENRY did not need a §504 meeting as she was not disabled.

249. But for JOHNSTONE'S failure and her use of authority to create the opportunity for the existing injury, HENRY would not have been harmed, or in the very least, her damage would have been mitigated.

250. JOHNSTONE'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A. Enter a finding that JOHNSTONE violated HENRY'S substantive due process rights;

B. Enter a finding that JOHNSTONE willfully disregarded HENRY'S safety and education;

C. Enter judgment on this Court XX in favor of HENRY and against JOHNSTONE in an amount to be determined at trial;

D. Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E. Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## Count XXI – Violation of 42 U.S.C. §1983
### (HENRY v. DETMAN)

251.  HENRY restates and incorporates herein by reference Paragraphs 1 through 250 above as and for Paragraph 251 of Count XXI of this complaint as if such allegations were fully set forth herein.

252.  DETMAN has a special relationship with HENRY through his course of conduct and the circumstances that surround this complaint.

253.  HENRY was harmed through the direct and foreseeable acts of DETMAN to the point that HENRY no longer feels safe in school.

254.  HENRY has a constitutionally protected property interest in her continued education with VALLEY VIEW.

255.  DETMAN violated HENRY'S procedural due process by denying her a hearing regarding her suspension and expulsion.

256.  DETMAN violated HENRY'S procedural due process by neglecting to follow board policy which grants HENRY the opportunity to review the evidence and present her version of the events prior to any suspension or expulsion.

257.  Further, DETMAN violated HENRY'S procedural due process by failing to provide her with any notice, correspondence, or contact in any form regarding her potential expulsion and suspension.

258.  DETMAN denied HENRY access to the aforementioned meetings and notices willfully and with wanton disregard for HENRY'S education and safety.

259.  BUT FOR DETMAN'S many failures and her use of authority to create the existing injury, HENRY would not have been harmed and her education would not have been hindered, or in the very least, her injuries would have been mitigated.

260. DETMAN'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A. Enter a finding that DETMAN violated HENRY'S procedural due process rights;

B. Enter a finding that DETMAN willfully disregarded HENRY'S safety and education;

C. Enter a judgment on this Count XXI in favor of HENRY and against DETMAN in an amount to be determined at trial;

D. Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E. Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

### Count XXII – Violation of 42 U.S.C. §1983
### (HENRY v. DETMAN)

261. HENRY restates and incorporates herein by reference Paragraphs 1 through 260 above as and for Paragraph 261 of Count XXII of this complaint as if such allegations were fully set forth herein.

262. HENRY'S substantive due process rights were violated when DETMAN released confidential and private information to third parties without her consent in direct violation to 20 U.S.C. §1232(g).

263. DETMAN willfully disregarded HENRY'S rights by failing to contact HENRY or SHANEKA regarding the ATTACK and by disclosing facts to third parties that were private and confidential.

264.     But for DETMAN'S failure and his use of authority to create the opportunity for the existing injury, HENRY would not have been harmed and her education would not have been hindered, or in the very least, the injury would have been mitigated.

265.     DETMAN'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.     Enter a finding that DETMAN violated HENRY'S substantive due process rights;

B.     Enter a finding that DETMAN willfully disregarded HENRY'S safety and education;

C.     Enter a judgment on this Count XXII in favor of HENRY and against DETMAN in an amount to be determined at trial;

D.     Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.     Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.


### Count XXIII – Violation of 42 U.S.C. §1983
### (HENRY v. DETMAN)

266.     HENRY restates and incorporates herein by reference Paragraphs 1 through 265 above as and for Paragraph 266 of Count XXIII of this complaint as if such allegations were fully set forth herein.

267.     DETMAN violated HENRY'S substantive due process rights by the many instances already stated in this complaint.

268.     DETMAN violated HENRY'S right to privacy by releasing information to third parties without HENRY'S permission.

44

269.     BUT FOR DETMAN'S failure and his use of his authority to create the opportunity for the existing injury, HENRY would not have been harmed and no injury would have occurred.

270.     DETMAN'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.       Enter a finding that DETMAN violated HENRY'S substantive due process rights;

B.       Enter a finding that DETMAN willfully disregarded HENRY'S safety, privacy, and education;

C.       Enter judgment on this Count XXIII in favor of HENRY and against DETMAN in an amount to be determined at trial;

D.       Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.       Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.


**Count XXIV – Violation of 20 U.S.C. §1232(g)**
**(HENRY v. DETMAN)**

271.     HENRY restates and incorporates herein by reference Paragraphs 1 through 270 above as and for Paragraph 271 of Count XXIV of this complaint as if such allegations were fully set forth herein.

272.     DETMAN released HENRY'S records and confidential information to third parties in violation of this act.

273.     DETMAN failed to contact HENRY or SHANEKA prior to releasing information to third parties.

274.     DETMAN willfully withheld information from HENRY despite said information having been part of her record.

45

275. As such, DETMAN failed to adhere to 20 U.S.C. §1232(g) by releasing information to third parties, neglecting to release the full records to HENRY prior to her suspension, and tampering with HENRY'S records in an attempt to cover up any improper conduct on the part of DETMAN.

276. DETMAN'S aforesaid conduct has caused significant harm to HENRY, the full extent of which is unknown because such harm continues to occur to this day.

**WHEREFORE,** HENRY respectfully requests that this Honorable Court:

A.    Enter a finding that DETMAN violated federal law by not being in compliance with the act;

B.    Enter judgment on this Count XXV in favor of HENRY and against DETMAN in an amount to be determined at trial;

C.    Award HENRY her costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

D.    Provide HENRY with such other and further relief as this Honorable Court deems appropriate and just.

## <u>DEMAND FOR JURY TRIAL</u>

HENRY hereby makes a demand for a trial by jury on all of the causes of action and issues herein that are triable to a jury.

Respectfully submitted,

**SHANEKA HENRY, on behalf of
AJA HENRY, a minor,** *Plaintiff*

By:      /s/ J. Matthew Pfeiffer
         One of Her Attorneys

J. Matthew Pfeiffer, Esq.
   IL Atty. No. 6272868
Oran D. Cart, Esq.
   IL Atty. No. 6320411
   oran@pfeifferlawoffices.com
PFEIFFER LAW OFFICES, P.C.
1725 S. Naperville Road, Suite 205
Wheaton, Illinois  60189
Tel:     (630) 517-0808

## **VERIFICATION**

Under penalties as provided by law, the undersigned person certifies and declares that the statements set forth in the foregoing *Verified Complaint for Violation of 42 U.S.C. §1983 and Other Relief* are true, correct, and complete; that such person has not knowingly withheld any pertinent information; and, as to statements made upon information and belief, that such person verily believes the same to be true.

Date:   August **22**, 2016

Shaneka Henry
on behalf of Aja Henry



**Valley View Public Schools**
*Office of the Superintendent*
*Dr. James A. Mitchem, Jr. Ed.D.*

755 Dalhart Avenue
Romeoville, IL 60446
Phone: 815.886.2700 X241
E-mail: mitchemja@vvsd.org

November 20, 2014

Dear Mrs. Henry,

As indicated in our meeting of October 20, 2014, this letter serves as acknowledgement of mistakes that were made in the processes following the incident of August 29, 2014, as well as a formal apology. As a result of my investigation of these matters, protocols have been put in place to insure there is no repeat of errors as identified.

- The referral was processed and the parent was not immediately notified
- The parent was not notified by the school of an expulsion recommendation
- The parent was informed of an expulsion recommendation through another student as a result of information being shared by staff inappropriately
- The parent was not notified within a timely fashion of homebound tutoring services available for her daughter
- Agreed upon communication after October 1,2014 was sporadic and not timely
- Records were requested on October 17, 2014. The request was denied by security at the main entrance

As a result of these errors the following will take place as a means of rectification.

- Training provided in the area of expected communication with parents as a result of a rules infraction
- Homebound services will be provided until October 24, 2014, pending a doctor's recommendation
- A laptop computer will be temporarily provided to the student as an instructional support tool
- Romeoville High School is offered as an alternative setting as a result of the incident of August 29, 2014
- Records will be adjusted to reflect removal of the expulsion recommendation

As the superintendent of schools I take responsibility for the actions of staff employed in the Valley View School District. I will do all that I can to ensure that future communication will be timely and respectful. Further, I will ensure that reasonable request by stakeholders are honored with appropriate follow-through.

Respectfully
Dr. James Mitchem, Superintendent

**Exhibit 1**